# EXHIBIT A

JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA  92024
(760) 436-5589 / Fax (760) 479-0570

Attorneys for Plaintiff
Summit Estate, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| SUMMIT ESTATE, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED HEALTHCARE INSURANCE COMPANY., a corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.:  17CV309488 <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, FRAUDULENT CONCEALMENT, NEGLIGENT NON-DISCLOSURE OF FACTS, PROMISSORY ESTOPPEL, PROHIBITORY INJUNCTION, QUANTUM MERUIT, VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, BREACH OF IMPLIED CONTRACT AND VIOLATION OF ERISA** |
|---|---|

Plaintiff certifies that venue is proper in this court as to all Defendants because this is the venue district in which the contract was formed, where the obligations of the parties were to be performed, where the contract was breached and where the injuries and damages occurred.

Plaintiff alleges as and for its causes of action as follows:

1. Plaintiff is a corporation authorized to do and doing business in the City of Los Gatos, County of Santa Clara, State of California and was at all times herein mentioned doing business as a residential substance abuse treatment facility and provided services which were or should have been covered by health insurance policies which Plaintiff is informed and believes and thereon alleges were provided, sponsored, supplied, underwritten, administered and/or implemented by Defendants and/or Defendants alter ego's or parent companies.

2. Plaintiff is informed and believes and thereon alleges that Defendant UNITED HEALTHCARE INSURANCE COMPANY (hereinafter "UHC") is a corporation authorized to do and doing insurance business in the city of San Jose, County of San Jose, State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are somehow related to and/or controlled by the named Defendant and are related entities that were somehow involved in the issuing of the plans/policies and/or the handling of the claims described herein. The true names and capacities of the Defendants sued herein under Section 474 of the Code of Civil Procedure as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the events herein referred to and caused the damages hereinafter alleged.

4. Plaintiff is informed and believes and thereon alleges that each Defendant is, and was at all times herein mentioned acting as the agent, employee and/or alter ego of each of the remaining Defendants and at all times acted within the scope and authority of said agency and/or employment.

5. At all times herein mentioned, Plaintiff is informed and believes that numerous patients it treated were insured for substance abuse treatment services pursuant to health insurance plans/policies that Plaintiff is informed and believes and thereon alleges were issued, underwritten and administered by Defendants and/or said Defendants' predecessor(s), assignor(s), agent(s), alter ego(s) or related entities, including the DOE Defendants herein. Defendants wrote the plans/policies, are in possession of same and are familiar with all terms and conditions. Plaintiff is informed and believes and thereon alleges that as to provisions applicable to the issues herein, the plans/policies have the same operative language.

6. While the subject plans/policies were in effect, Plaintiff's patients and Defendants insureds referred to above sought covered substance abuse treatment with Plaintiff. Plaintiff took reasonable steps to verify available benefits, including contacting Defendants, as directed by Defendants, to verify insurance benefits and was advised in all cases that the policies provided for and Defendants would pay for treatment at the usual, reasonable and customary rate (UCR). In reasonable reliance on these representations and information, and pursuant to the agreement of

Defendants to pay based on that rate, Plaintiff treated the patients and submitted claims for payment in accordance with these representations and agreements.

7.   Based on the representations, authorization and agreement of the Defendants alleged above, Plaintiff provided the agreed upon services and has performed all conditions, covenants and promises required to be performed in accordance with the agreement referred to herein above except, if applicable, those that have been excused, waived or are otherwise inapplicable.

8.   Within the past two years, at Santa Clara, California, the Defendants breached their agreements with Plaintiff and/or committed other wrongful acts and omissions by refusing to pay Plaintiff the represented and agreed upon UCR rate but rather paid a different and significantly lower amount for treatment. Plaintiff has now learned that at the time benefits were verified Defendants had information regarding the a different/lower daily payment amount and/or intended to pay a much lower amount but withheld that information from Plaintiff and informed Plaintiff that payment would be based on the UCR. As a result of the facts and conduct alleged herein, an unconscionable injury would result to Plaintiff if Defendants are not required from paying the represented/agreed to UCR rate, and Defendants are equitably estopped from denying the agreement/obligation to pay that amount.

## FIRST CAUSE OF ACTION

**(Breach of Contract- Pre-Admission Oral Agreement)**

9.   Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 8, as though fully set forth herein.

10.   Based on the facts alleged in paragraph 6 above, Plaintiff and Defendants entered into agreements whereby Plaintiff would provide substance abuse treatment to the insureds of Defendants referred to above in paragraph 5 at the UCR rate. Plaintiff has performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of said contracts/agreements except, if applicable, those that have been excused, waived or are otherwise inapplicable.

11.   Defendants breached the agreements alleged at paragraph 6, by way of example and without limitation, engaging in the conduct alleged in paragraph 8.

12. As a proximate and direct result of the Defendants' breach of contract, Plaintiff has suffered, and will continue to suffer in the future, damages subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

**(Intentional Misrepresentation)**

13. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 12 as though set forth fully herein.

14. Within the past two years, Plaintiff and Defendants entered into negotiations for the treatment and services of the patients as alleged herein. In connection with these negotiations, said Defendants, and each of them, with the intent to deceive and defraud Plaintiff, falsely and fraudulently made representations to Plaintiff, by way of example and without limitation, alleged in paragraphs 6 hereinabove.

15. In truth and in fact, these representations were false, were known at the time by said Defendants, and each of them, to be false, and were made with the intent to induce Plaintiff to act in reliance thereon as alleged herein.

16. Plaintiff, reasonably believing and relying upon said representations made by the Defendants, who held themselves out to have special knowledge and expertise, provided the treatment as alleged herein.

17. Within the past two years, Plaintiff discovered that the representations made by said Defendants, and each of them, were in fact false as alleged in paragraph 8 herein.

18. As a direct and proximate result of the fraud and deceit of said Defendants, and each of them, Plaintiff has suffered damages as alleged herein, all of which will be subject to proof at the time of trial.

19. The acts and omissions of the Defendants, and each of them, as alleged herein above, were performed maliciously, oppressively and fraudulently, with the intent to deceive and defraud Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount sufficient to punish and deter the Defendants, and each of them. The conduct described herein was approved, authorized and/or ratified by officers, directors and/or managing agents of the named Defendants.

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

20. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 18 as though set forth fully herein.

21. Defendants had a duty to provide accurate/correct information regarding benefits when contacted by providers and it was and is foreseeable to Defendants that providers would rely on the information given to them and that providers would be damaged if they were provided with incorrect information. When Defendants made said representations to Plaintiff as alleged herein, they had no sufficient or reasonable grounds for believing them to be true, in that Defendants, and each of them, did not have accurate information and data, nor any information and data, concerning the accuracy of the representations, and understood without such information and data, they could not accurately make the representations to Plaintiff as alleged herein. Plaintiff is informed and believes and thereon alleges that at the time of the representations made by Defendants as alleged herein above, and thereafter, Defendants, and each of them, concealed and suppressed from Plaintiff their lack of information and data and the consequent inability to accurately make the representations referred to herein above.

## FOURTH CAUSE OF ACTION

### (Fraudulent Concealment)

22. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 19 and 21 as though set forth fully herein.

23. Plaintiff is informed and believes and based thereon alleges that the Defendants, and each of them, actively concealed material facts regarding the coverages and/or rates provided in the UHC policy from Plaintiff by way of example and without limitation, among other things, as alleged at paragraphs 6 and 8 herein. This information was not discoverable or known to Plaintiff and was known only to Defendants.

24. As a direct and proximate result of the fraudulent concealment by Defendants, and each of them, Plaintiff acted as alleged herein and sustained damages as alleged herein.

## FIFTH CAUSE OF ACTION

### (Negligent Failure to Disclose)

25. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 18 and 21 as though set forth fully herein.

26. Defendants, and each of them, negligently failed to disclose the facts set forth in paragraphs 6 and 8 herein, although they knew, or in the exercise of reasonable diligence, should have known of the inaccuracy of the representations as alleged herein.

27. Had Plaintiff known the undisclosed facts, Plaintiff would have declined to admit the patients for treatment.

28. As a direct and proximate result of the Defendants negligent failure to disclose information, and the facts herein alleged, Plaintiff has suffered damages as alleged herein.

## SIXTH CAUSE OF ACTION

### (Promissory Estoppel)

29. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 19 and 21 as though set forth fully herein.

30. As alleged herein, Plaintiff is informed and believes that Defendants knew that the patient's insurance policies did not provide the coverage amount represented by Defendants to the public at large and specifically Plaintiff. Nevertheless, Plaintiff is informed and believes and thereon alleges that Defendants knowingly and/or negligently represented to Plaintiff the coverage amounts alleged hereinabove with the intention that Plaintiff would rely on the representations and knowing that Plaintiff had no knowledge of the falsity of the representations.

31. Plaintiff relied upon Defendants' representations and admitted the Defendants insureds for treatment based thereon. Had Plaintiff known of the falsity of the representations it would not have done so. Accordingly, Defendants are estopped from asserting any payment amount contrary to the representations made by Defendants and Plaintiff is entitled to damages in an amount according to proof together with interest at the legal rate, and any other appropriate relief.

32. The acts and omissions of the Defendants, and each of them, as alleged herein above, were performed maliciously, oppressively and fraudulently, with the intent to deceive and defraud Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount sufficient to punish and

deter the Defendants, and each of them. The conduct described herein was approved, authorized and/or ratified by officers, directors and/or managing agents of the named Defendants.

## SEVENTH CAUSE OF ACTION

### (Prohibitory Injunctive Relief)

33.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 32 and 37 through 53, as though fully set forth herein. Plaintiff has received assignments from its patients/Defendant's insureds and brings this action as the assignee of its patients/Defendant's insureds identified herein.

34.     Plaintiff is informed and believes and thereon alleges that Defendants have engaged in a continuing pattern of conduct wherein prior to treatment they inform non-network substance abuse treatment providers like Plaintiff herein that substance abuse treatment services are authorized to be paid at the UCR, but then when claims are submitted Defendants pay only a small fraction of the UCR and then aggressively negotiate in an attempt to get providers to accept much less than UCR.

35.     Plaintiff is informed and believes and thereon alleges that in engaging in the conduct alleged herein, Defendants have used improper and/or inadequate information regarding UCR, have negotiated in bad faith using inconsistent amounts for the "UCR" and have engaged in a continuing pattern of conduct to under pay and/or delay payment, with the result that Plaintiff in this case and other providers are under severe financial pressure and insured substance abuse patients are potentially exposed to significant financial liability, causing irreparable harm for which Plaintiff does not have an adequate legal remedy.

36.     Plaintiff is informed and believes and thereon alleges that Defendants conduct is in violation of California law, including but not limited to California Health and Safety Code sections 1371.8 and 1371.37 and California's mental health parity laws. The harm in not granting injunctive relief greatly outweighs any possible harm to Defendants if injunctive relief is granted prohibiting Defendants from engaging in the conduct alleged herein.

### EIGHTH CAUSE OF ACTION

### (Quantum Meruit)

37. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 18, 21 and 33-36 as though set forth fully herein.

38. As alleged herein Defendants communicated to Plaintiff that the insureds/patients whose claims are at issue herein were insured and that the claims would be covered at the UCR rate. By virtue of these communications and the conduct of the Defendants alleged herein Plaintiff was induced to provide substance abuse treatment services.

39. Plaintiff provided the substance abuse treatment services to the patients/insureds identified herein in reasonable reliance upon the representations and conduct of the Defendants.

40. Plaintiff providing the substance abuse treatment services in reliance on the representations/communications/agreements by Defendants was not gratuitous.

41. The amounts that Plaintiff built for the substance abuse treatment services was and is the reasonable value of those services and was and is the UCR rate for those services. Nevertheless, Defendants have refused to pay the UCR rate they represented would be paid, and instead have only paid a small fraction of the reasonable value of the services.

42. Under the circumstances, Defendants cannot conscientiously refuse to pay the balance due for the patients/insureds identified herein and Defendants should be required to pay the remainder of the reasonable value of/UCR rate for the substance abuse treatment services provided by Plaintiff to the insureds of Defendants.

### NINTH CAUSE OF ACTION

### (Violation of Business and Professions Code section 17200)

43. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 42 as though set forth fully herein.

44. At all times relevant herein, California Business and Professions Code section 17200 et seq. was in full force and effect. The Defendants conduct of, by way of example and without limitation, providing false and misleading information regarding the payment amount for substance abuse treatment and then after treatment is completed either denying claims or paying a small

fraction of the represented amount is unlawful, unfair and/or fraudulent and constitutes an unfair business practice under California law.

45. Plaintiff has been and continues to be directly damaged by the conduct of the Defendants and there is a causal link between the Defendants violation of Business and Professions Code section 17200 alleged herein and the monetary damages suffered by Plaintiff.

46. The Defendants continue to engage in the conduct complained of herein that offend established public policy and which is unethical, oppressive, unscrupulous, unlawful, unfair, fraudulent and substantially injurious to the public at large in that, by way of example and without limitation, those battling substance abuse walk a fine line between sobriety and relapse are placed in a position where they are financially responsible for considerable sums of money for treatment received, and providers of substance abuse treatment are placed in a position where they may be required to pursue former patients for payment of substantial funds that were promised to be paid by Defendants. This places former patients at risk of relapse, potentially puts substance abuse treatment facilities at financial risk.

47. The Defendants conduct of misrepresenting the amount it will pay for substance abuse treatment and then paying a substantially lower amount is unlawful and unfair, and constitutes fraud against Plaintiff since Plaintiff makes admission decisions based on information that is provided by and/or agreements entered into with Defendants when insurance benefits and payment amounts are verified and confirmed.

48. Plaintiff seeks compensation for the damages arising from the conduct and activities of Defendants in violation of Business and Professions Code section 17200 as alleged herein, including but not limited to disgorgement of illegal profits and/or ill-gotten financial gains, in an amount according to proof at the time of trial and injunctive relief prohibiting Defendants from engaging in the conduct alleged herein. Plaintiff is informed and believes and thereon alleges that Defendants conduct is in violation of California law, including but not limited to California Health and Safety Code sections 1371.8 and 1371.37.

49. Because the Defendants engaged in an unfair, unlawful and fraudulent business practice, Plaintiff is entitled to claim reasonable attorney's fees in an amount to be determined according to proof at the time of trial.

## TENTH CAUSE OF ACTION

**(Breach of Contract- Pre-Admission Implied in Fact Contract)**

50. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 18 and 21, as though fully set forth herein.

51. Based on the facts alleged in paragraph 6 above, implied in fact contracts exist whereby Plaintiff would provide substance abuse treatment to the insureds of Defendants referred to above in paragraph 5 at the UCR rate. Plaintiff has performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of said contracts/agreements except, if applicable, those that have been excused, waived or are otherwise inapplicable.

52. Defendants breached the implied in fact contracts, by way of example and without limitation, engaging in the conduct alleged in paragraph 8.

53. As a proximate and direct result of the Defendants' breach of contract, Plaintiff has suffered, and will continue to suffer in the future, damages subject to proof at the time of trial.

## ELEVENTH CAUSE OF ACTION

**(Violation of ERISA 29 USC section 1132 (a)(1)(B))**

54. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 18 and 21, as though fully set forth herein. Plaintiff pleads this cause of action in the alternative and asserts ERISA claims pursuant to 29 USC section 1132 (a)(1)(B) which gives this state court concurrent jurisdiction over these claims.

55. As an employees of various Silicon Valley companies Plaintiffs patients were provided with healthcare insurance plans that Plaintiff is informed and believes and thereon alleges were and are issued, underwritten and administered by Defendants and/or Defendants' predecessor(s)/assignor(s) who wrote the plans, are in possession of same and are familiar with their terms and conditions.  Plaintiff is informed and believes and thereon alleges that the Defendants

drafted and/or issued the subject policies/plans and are completely familiar with all of their terms and conditions.

56. When the patients sought treatment with Plaintiff, Plaintiff verified benefits as alleged herein and took other actions, including but not limited to receiving from the subject patients assignments of insurance benefits and powers of attorney whereby the insurance benefits under the plans were assigned to Plaintiff and Plaintiff was appointed as attorney in fact for the patients for the purposes of representing the patients as duly authorized representative with regard to the enforcement of their rights under the ERISA healthcare plans.

57. Plaintiff provided authorized substance abuse treatment services to the patients and all conditions, covenants and promises required to be performed in accordance with the terms and conditions of said healthcare insurance contracts/plans have been performed or satisfied by Plaintiff and/or Plaintiffs' patients except, if applicable, those that have been excused, waived or are otherwise inapplicable.

58. Within the past three years, Defendants breached their contractual and/or fiduciary obligations under the subject plan and violated the provisions of 29 U.S.C. §1132 by failing to properly pay Plaintiffs claims for payment for substance abuse treatment services and by way of example and without limitation, engaging in the other conduct alleged herein.

59. As a direct and proximate result of the Defendant's breach of contract and violation 29 U.S.C. §1132, Plaintiff has suffered and will continue to suffer damages including loss of plan benefits under the healthcare insurance policies/plans which sum will be subject to proof at the time of trial. Pursuant to 29 U.S.C. §1132(g) Plaintiff hereby requests attorney's fees and costs in connection with recovering benefits due and owing from the Defendants

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For general, special, restitutionary and compensatory damages according to proof.
2. For prejudgment interest on amounts benefits wrongfully withheld.
3. For expenses incurred, including attorney's fees and other costs, according to proof.
4. On the Second, Fourth, Fifth causes of action, punitive damages according to proof.
5. For an injunction prohibiting the conduct alleged herein.

6. For such other and further relief as the Court may deem just and proper.

Dated: September 30, 2019               LAW OFFICE OF JOHN W. TOWER

By: _____
JOHN W. TOWER
Attorney for Plaintiff
Summit Estate, Inc.

JURY DEMAND

Plaintiff hereby demands a jury for all issues properly giving rise to the right to trial by jury.

Dated: September 30, 2019               LAW OFFICE OF JOHN W. TOWER

By: _____
JOHN W. TOWER
Attorney for Plaintiff
Summit Estate, Inc.