UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUMMIT ESTATE, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITEDHEALTHCARE INSURANCE COMPANY, ET. AL.,**<br><br>Defendants. | Case No.: 4:19-CV-06724-YGR<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATION RE: PROTECTIVE ORDER**<br><br>Re: Dkt. No. 20 |

The parties have submitted their stipulated proposed protective order. (Dkt. No. 20.) The request for entry of the proposed protected order is **DENIED WITHOUT PREJUDICE** to submission of a corrected version of the proposed order for the following reasons:

The procedures set forth in section 6 of the proposed protective order are inconsistent with this Court's Standing Order In Civil Cases, paragraph 8(c). The Court notes that the Northern District provides a model protective order for standard litigation on its website at: https://cand.uscourts.gov/model-protective-orders. The Court generally will approve a protective order consistent with the model, provided it substitutes language similar to the paragraph below, in conformity with this Court's Standing Order:

> 6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may

elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

The parties are moreover directed to comply with Local Rule 5-1(g) in connection with future submissions. Civ. L. R. 5-1(g) (". . . proposed orders shall be submitted in an approved processing format such as Word, Word Perfect or ASCII text, to the specific address on the Court's website for emailing proposed orders to the assigned judge"). The parties are further directed to comply with the Court's Standing Order In Civil Cases, paragraph 8(c). *See id.* ("To the extent the parties' proposed stipulated protective order varies from the model, exclusive of paragraph 6.3 set forth above, the parties shall submit a redline comparison with the model Stipulated Protective Order for Standard Litigation, along with their electronic form of proposed order, to ygrpo@cand.uscourts.gov.").

This Order terminates Docket Number 20.

**IT IS SO ORDERED.**

Dated: March 18, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**