**JOHN W. TOWER, ESQ. (S.B.# 106425)**
towerlawsd@gmail.com
**LAW OFFICE OF JOHN W. TOWER**
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
Tel: (760) 436-5589
Fax: (760) 479-0570

Attorneys for Plaintiff
Summit Estate, Inc.

**BRYAN S. WESTERFELD (S.B.# 218253)**
bwesterfeld@walravenlaw.com
**JESSICA B. HARDY (S.B.# 246377)**
jbh@walravenlaw.com
**WALRAVEN & WESTERFELD LLP**
20 Enterprise, Suite 310
Aliso Viejo, California 92656
Telephone: (949) 215-1990
Fax: (949) 215-1999

Attorneys for Defendants
UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and United Behavioral Health

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMIT ESTATE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a corporation; UNITED HEALTHCARE SERVICES, INC. (formerly Doe 1); UNITED BEHAVIORAL HEALTH (formerly Doe 2); and DOES 3 through 10, inclusive,<br><br>Defendants. | Case No. 4:19-cv-06724-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>(Santa Clara Superior Court Case No. 17CV309488)<br><br>Complaint Filed: May 1, 2017 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I.   JURISDICTION AND SERVICE

The Court has jurisdiction over this ERISA case under 29 U.S.C. § 1132(e)(1), (f).  There are no issues with respect to personal jurisdiction or venue, and all parties have been served.

## II.   FACTS

### A.   Plaintiff's Statement of Facts

Plaintiff alleges that it is underpaid for claims it submitted to Defendants for substance abuse treatment services. Defendants issued and/or administered health insurance plans covering employees of various employers. While the plans were in effect, Plaintiff's patients and Defendants insureds sought covered substance abuse treatment with Plaintiff.  Plaintiff took reasonable steps to verify available insurance, including contacting Defendants, as directed by Defendants, to verify insurance benefits and was advised in all cases that the policies provided for and Defendants would pay for treatment at the usual, customary and reasonable rate (UCR).   Plaintiff treated the patients and submitted claims for payment in accordance with these representations and agreements. Defendants breached their agreements with Plaintiff and/or committed other wrongful acts and omissions by refusing to pay Plaintiff the represented and agreed upon UCR rate but rather paid different and significantly lower varying amounts for treatment..

### B.   Defendants' Statement of Facts

Defendants UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and United Behavioral Health (together, "United" or "Defendants") deny each and every material allegation of Plaintiff's First Amended Complaint ("FAC"), denies Plaintiff's prayer for damages, and denies that it breached any

obligation whatsoever. In administering the benefit claims at issue in this case, United acted consistently with the requirements of the applicable benefit plan and ERISA requirements. The claims for services for which Plaintiff seeks reimbursement were appropriately processed and paid according to the terms of the applicable ERISA benefit plans and no further benefits are owed.

### III.  LEGAL ISSUES

In addition to a claim for benefits under ERISA § 502(a)(1)(B), Plaintiff asserts state law claims for breach of contract, promissory estoppel, misrepresentation, nondisclosure and violation of California Business and Professions Code section 17200, et.seq. The parties dispute whether Defendants' communications with Plaintiff constituted an actionable promise, constituted a request that Plaintiff perform the relevant services, or whether such services conferred a benefit upon the Defendants.

### IV.  MOTIONS

Defendants filed a motion for judgment on the pleadings challenging Plaintiff's state law causes of action in the First Amended Complaint based on ERISA preemption and alternatively on the basis of failure to state a claim upon which relief may be granted, which was granted in part and denied in part. Plaintiff subsequently filed the Second Amended Complaint, and Defendants filed an Answer.

### V.  AMENDMENT OF PLEADINGS

The parties do not anticipate any further amendments to the pleadings at this time.

### VI.  EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and

proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties entered into a Stipulated Protective Order for protection of party and patient confidentiality, which has been entered by the Court. Defendants served initial disclosures on January 29, 2021. Plaintiff served initial disclosures on January 15, 2020.

## VIII. DISCOVERY

The parties previously engaged in some written discovery at the state court level before Plaintiff filed the FAC alleging a claim for benefits under ERISA § 502(a)(1)(B) and the action was removed to federal court. The parties are in the process of engaging in additional discovery related to Plaintiff's state law claims. Defendants' position is that discovery is not appropriate with respect to Plaintiff's claim for benefits under ERISA § 502(a)(1)(B) as such claim is to be determined by the Court based on the administrative record.

## IX. CLASS ACTIONS

This matter is not a putative class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

Plaintiff seeks 885,960.60 plus interest at the legal rate.

## XII. SETTLEMENT AND ADR

The parties previously mediated this case on April 26, 2019 prior to the filing of the FAC and removal to federal court. The parties agree that, to the extent a further ADR process is necessary, a second private mediation would be appropriate.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### XIV. OTHER REFRENCES

None.

### XV. NARROWING OF THE ISSUES

None.

### XVI. EXPEDITED TRIAL PROCEDURE

The parties agree this matter is not suitable for Expedited Trial Procedure.

### XVII. SCHEDULING

The parties propose that ADR, fact discovery, and initial designation of experts be completed within nine months of entry of an initial scheduling order. The parties further propose that expert discovery be completed within two months of the initial expert designation, and that rebuttal experts, if any, be disclosed at least one month prior to that cutoff.  The parties propose that the deadline for summary judgment motions be one month following the conclusion of expert discovery.  Finally, the parties propose that the final pretrial conference and trial be set following decision of any motions for summary judgment.

### XVIII. TRIAL

Plaintiff's state law claims will be tried to a jury.  Plaintiff's claim for benefits under ERISA § 502(a)(1)(B) will be tried to the Court.  Defendants propose that Plaintiff's claim for benefits under ERISA § 502(a)(1)(B) be determined on cross motions for judgment under Fed. R. Civ. 52.  Plaintiff proposes the Court conduct a short bench trial for its claim for benefits.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITES OR PERSONS

The parties have each their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  Plaintiff will file its certification shortly.

Defendants hereby restate that that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) UnitedHealthcare Insurance Company, Defendant; (2) United HealthCare Services, Inc.; and (3) United Behavioral Health, Defendant.

### XX.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI.   OTHER MATTERS

None.

Dated: February 1, 2021             **LAW OFFICE OF JOHN W. TOWER**

By:   /s/John W. Tower
      **John W. Tower**

Attorneys for Plaintiff
Summit Estate, Inc.

Dated: February 1, 2021             **WALRAVEN & WESTERFELD LLP**

By:   /s/Bryan S. Westerfeld
      **Bryan S. Westerfeld**

Attorneys for Defendants
UnitedHealthcare Insurance Company,
United HealthCare Services, Inc., and
United Behavioral Health

# **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]


IT IS SO ORDERED

Dated:

                                                                  **Yvonne Gonzalez Rogers**
                                                                  **United States District Judge**

# Proof of Service

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 20 Enterprise, Suite 310, Aliso Viejo, CA 92656.

On February 1, 2021, I served the foregoing document(s) described as

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

on all interested parties in this action as follows (or as on the attached service list):

John W. Tower
Law Office of John W. Tower
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
Tel: (760) 436-5589
Fax: (760) 479-0570

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 1, 2021, at Los Angeles, California.

*/s/ Jessica Hardy*
Jessica Hardy